UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS S. ROBERSON, <br><br>Plaintiff, <br><br>v. <br><br>FRANKLIN COLLECTION SERVICE, INC., <br><br>Defendant. | CIVIL ACTION <br><br> COMPLAINT 1:21-cv-01622 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Nicholas S. Roberson ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of Franklin Collection Service, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendant conducts business in the Northern District of Illinois and maintains significant business contacts in the Northern District of Illinois.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

1

5. Defendant is a third party debt collector with its principal place of business located in Tupelo, Mississippi. Defendant's principal business purpose is the collection of defaulted debts owed to others. Defendant engages in collection activities in several different states, including the State of Illinois.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Prior to the conduct giving rise to this cause of action, Plaintiff had an account with AT&T.

7. Plaintiff closed the account in or around December 2017 and believed that the account was paid in full.

8. Sometime thereafter, Defendant began calling Plaintiff's cellular phone number, (262) XXX-9639, in an attempt to collect upon a debt.

9. Defendant was also reporting a debt on Plaintiff's credit reports.

10. Plaintiff was confused as to why Defendant was calling him and reporting on his credit reports, so he called Defendant on January 14, 2021 to obtain more information.

11. In this phone call, a representative for Defendant informed Plaintiff that Defendant was attempting to collect upon an outstanding AT&T debt ("subject debt").

12. Plaintiff advised Defendant that he closed the account with AT&T and did not believe he owed anything, thus disputing the subject debt.

13. In February 2021, Plaintiff reviewed his credit reports again and noticed that the tradeline for the subject debt was updated on February 15, 2021.

14. Despite Plaintiff's dispute, Defendant did not notate that the subject debt was disputed on Plaintiff's credit reports.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

15. Plaintiff restates and realleges paragraphs 1 through 14 as though fully set forth herein.

16. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

17. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

18. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

19. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

20. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

21. Defendant violated 15 U.S.C. §1692e, e(2), e(8), e(10), and f through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692e**

22. Defendant violated §§1692e and e(10) by using false, deceptive, and misleading representation in connection to collection of the subject debt. It was false, deceptive, and misleading for Defendant to fail to communicate that the subject debt was disputed after Plaintiff notified Defendant that it was reporting the wrong amount on his credit reports.

23. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant failed to notate that the subject debt was disputed on Plaintiff's credit reports, thereby creating a false representation of Plaintiff's credit worthiness.

24. Defendant violated §1692e(8) by communicating false credit information by failing to notate that the subject debt was disputed on Plaintiff's credit reports. On January 14, 2021, Plaintiff

notified Defendant that he did not owe the subject debt, so Defendant had actual knowledge that the subject debt was disputed. However, in the month that followed Plaintiff's dispute, Defendant failed to notate that the subject debt was disputed despite updating the tradeline on Plaintiff's credit reports.

      b. **Violations of FDCPA § 1692f**

25. Defendant violated §1692f by failing to notate that the subject debt was disputed on Plaintiff's credit reports. This conduct was unfair and unconscionable because it created a false and damaging portrayal of Plaintiff's credit history.

26. As an experienced debt collector, Defendant knew or should have known that it was legally obligated to mark the debt as disputed on Plaintiff's credit reports after Plaintiff advised it that the amount was incorrect.

**WHEREFORE**, Plaintiff NICHOLAS S. ROBERSON respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Enjoin Defendant from further reporting inaccurate information on Plaintiff's credit reports;
    c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
    d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
    e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: March 24, 2021                              Respectfully Submitted,

                                                       /s/ Alexander J. Taylor
                                                       /s/ Marwan R. Daher
                                                       /s/ Omar T. Sulaiman
                                                       Alexander J. Taylor, Esq.
                                                       Marwan R. Daher, Esq.
                                                       Omar T. Sulaiman, Esq.
                                                       *Counsel for Plaintiff*
                                                       Sulaiman Law Group, Ltd
                                                       2500 S Highland Ave, Suite 200
                                                       Lombard, IL 60148
                                                       Telephone: (630) 575-8181
                                                       ataylor@sulaimanlaw.com
                                                       mdaher@sulaimanlaw.com
                                                       osulaiman@sulaimanlaw.com